IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SAN MIGUEL PRODUCE, INC., | * | |
| Plaintiff, | * | |
| v. | * | CV 616-035 |
| L.G. HERNDON JR. FARMS, INC., | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| L.G. HERNDON JR. FARMS, INC., | * | |
| Plaintiff, | * | |
| v. | * | CV 616-043 |
| SAN MIGUEL PRODUCE, INC., | * | |
| Defendant. | * | |

**O R D E R**

In these cases, L.G. Herndon Jr. Farms, Inc. ("Herndon") seeks to enforce the forum-selection clause contained in the grower-shipper agreement it entered into with San Miguel Produce, Inc. ("San Miguel"). Because Herndon waived its right to enforce the forum-selection clause, the Court **DENIES** Herndon's motions to dismiss (CV 616-035, docs. 5, 20) and its motion to remand (CV 616-043, doc. 4). In its briefs, Herndon

also requests attorneys' fees. Because attorneys' fees are not warranted, the Court **DENIES** that request.

I. **Background**

San Miguel, a California corporation, grows, processes, and distributes produce. (CV 616-035, Doc. 1 ¶¶ 1-2.) Herndon, a Georgia corporation, grows, distributes, and brokers produce. (Id. ¶¶ 3-4.) In 2014, San Miguel and Herndon entered into a grower-shipper agreement,[1] under which Herndon was responsible for growing, harvesting, and delivering produce to a facility in Toombs County, Georgia.[2] (Id. ¶ 20.) The grower-shipper agreement contains a mediation clause and a forum-selection clause. The mediation clause provides:

> The parties agree to mediate any dispute or claim arising out of this Agreement before resorting to any legal action. Mediation fees, if any, shall be apportioned equally among the parties involved. If any party commences legal action without first attempting to resolve the matter through mediation, or refuses to mediate after a request is made, then that party shall not be entitled to recover attorney's fees, even if attorney's fees would otherwise be available to that party in any such other proceeding.

(CV 616-035, Doc. 1-1 ¶ 7.) The forum-selection clause provides:

---

[1] The parties also executed a co-packing agreement, an equipment-lease agreement, a building-lease agreement, and an operating agreement. (CV 616-035, Doc. 1 ¶ 18.)

[2] This facility was owned by Robo Produce, LLC, which the parties formed together for the purpose of operating the facility. (CV 616-035, Doc. 1 ¶¶ 24-25.)

2

>     This Agreement, and any dispute arising from the
>     relationship between the parties to this Agreement,
>     shall be governed by, construed and determined in
>     accordance with the Laws of the State of Georgia,
>     without regard to its conflict of laws rules. Any
>     dispute that arises under or relates to this
>     Agreement (whether contract, tort, or both) shall be
>     resolved in the Superior Court of Toombs County,
>     Georgia, and the parties expressly waive any right
>     they may otherwise have to cause any such action or
>     proceeding to be brought or tried elsewhere, waive
>     all defenses of lack of personal jurisdiction and
>     forum non conveniens.

(Id. ¶ 24.) At some point, the parties' relationship took a turn for the worse.

On February 1, 2016, Herndon filed an informal complaint with the USDA under the Perishable Agricultural Commodities Act ("PACA") based on San Miguel's failure to pay under the grower-shipper agreement. (See CV 616-035, Doc. 13-1 at 6-10.) On February 3, 2016, Herndon's counsel notified San Miguel's counsel of the informal complaint. (Id. at 5.) In response, on February 18, 2016, San Miguel's counsel contacted the USDA and learned that the complaint had been assigned a PACA caseworker and that it could only be dismissed by Herndon. (Id. at 2.) That same day, San Miguel's counsel e-mailed Herndon's counsel and asked him to dismiss the PACA complaint pending a mediation the parties had scheduled. (Id. at 12.) In his reply e-mail, Herndon's counsel stated that he could not dismiss the complaint because "[i]f the mediation doesn't work we need to have the track record for pursuing the claim through PACA. PACA doesn't

3

seem to [be] moving too fast in any event. I would think our mediation will be completed before a case gets moving in PACA in any event." (Id. at 12.)

Subsequently, Herndon's counsel learned that the USDA was dismissing the PACA complaint in two separate letters. (CV 616-035, Doc. 5-2 at 28; CV 616-043, Doc. 15-1 at 20.) On February 18, 2016, the USDA informed Herndon's counsel that the mediation clause in the grower-shipper agreement prevented the USDA from hearing the case. (CV 616-043, Doc. 15-1 at 20.) Upon receipt of this letter, Herndon's counsel apparently contacted the USDA and requested that it reconsider its decision. (Id. at 4.) On March 2, 2016, the USDA informed Herndon's counsel that the forum-selection clause also prevented the USDA from hearing the case. (Id. at 22.)

On March 25, 2016, San Miguel filed case number CV 616-035 in this Court. (CV 616-035, Doc. 1.) In its complaint, San Miguel alleges, among other things, that Herndon breached the grower-shipper agreement. (Id. ¶¶ 56-64.) On April 5, 2016, Herndon filed suit against San Miguel in the Superior Court of Toombs County, Georgia, alleging, among other things, that San Miguel breached the grower-shipper agreement. (CV 616-043, Doc. 1-1.) San Miguel removed the Toombs County case to this Court as case number CV 616-043. (CV 616-043, Doc. 1.) Herndon now moves to dismiss CV 616-035 and remand CV 616-043 because the

forum-selection clause requires the parties to litigate all claims arising under the agreement in the Toombs County Superior Court. (CV 616-035, Docs. 5, 20; CV 616-043, Doc. 4.) San Miguel claims that these matters are properly before this Court because Herndon waived its right to enforce the forum-selection clause when it filed its informal complaint with the USDA. In its briefs, Herndon also requests attorneys' fees.

## II. **Discussion**

### 1. **Herndon's Motions to Dismiss and Motion to Remand**

In CV 616-035, Herndon's original motion to dismiss relies on Federal Rule of Civil Procedure 12(b)(3) and argues that the forum-selection clause renders venue improper in this Court. In its response brief, San Miguel points out that under the Supreme Court's holding in <u>Atlantic Marine Construction Company, Inc. v. U.S. District Court for the Western District of Texas</u>, 134 S. Ct. 568 (2013), a Rule 12(b)(3) motion is not the proper motion to enforce a forum-selection clause. In its reply brief, therefore, Herndon asks the Court to view its motion as one properly filed under 28 U.S.C. § 1404. But, as San Miguel points out, § 1404 allows for transfers between different federal forums. <u>See</u> <u>Atl. Marine Const. Co.</u>, 134 S. Ct. at 580 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the

5

transferee forum is within the federal court system . . . ."). Accordingly, Herndon subsequently filed a supplemental motion to dismiss, in which it relies on *forum non conveniens* to enforce the forum-selection clause. (CV 616-035, Doc. 20.) Because Herndon has filed the appropriate motion, the only disputed issue in CV 616-035 is whether Herndon waived its right to enforce the forum-selection clause when it filed the PACA complaint. Likewise, in CV 616-043, removal was appropriate only if Herndon waived its right to enforce the forum-selection clause.[3]

The parties take subtly different positions with respect to what constitutes a waiver of a forum-selection clause. San Miguel argues that a party waives its right to enforce a forum-selection clause when it acts "in a way that is inconsistent with the right or [its] intention to rely upon the right." Woods v. Christensen Shipyards, Ltd., No. 04-61432-CIV, 2005 WL 5654643, at *2 (S.D. Fla. Sept. 23, 2005). Herndon advocates for a two-pronged test, under which waiver will exist only if: (1) "the party seeking to enforce the clause acted inconsistently with the clause's right"; and (2) "the inconsistent acts have prejudiced the other party." Bahamas Sales Assoc. v. Byers, No. 3:08-cv-1012-J-32JRK, 2014 WL

---

[3] The dispute surrounding the forum-selection clause is governed by federal law. See Pappas v. Kerzner Int'l Bahamas Ltd., 585 F. App'x 962, 966 n.4 (11th Cir. 2014) ("[I]t is well-settled that the enforceability of a forum-selection clause in a diversity case is governed by federal law.").

6

2772468, at *1 (M.D. Fla. June 18, 2014).[4] Under either approach, the Court is satisfied that Herndon waived its right to enforce the forum-selection clause when it filed the PACA complaint.

The forum-selection clause in the grower-shipper agreement requires that all disputes arising from the agreement be litigated in the Toombs County Superior Court. In contravention of the agreement, Herndon filed the PACA action with the USDA. Nevertheless, Herndon maintains it has not waived its right to enforce the clause.[5] Essentially, Herndon argues that its attempt to bring the PACA action, which lasted only thirty days,

---

[4] Herndon also claims that Byers adds a third prong to the test: that the party seeking to enforce the clause "participated substantially in the case." (CV 616-035, Doc. 5 at 3.) But the Byers court stated only that substantial participation is indicative of acting inconsistently with the clause. See Byers, 2014 WL 2772468, at *1 ("First, courts look to whether the party seeking to enforce the clause acted inconsistently with the clause's right. This most commonly occurs where the party seeking to enforce the clause substantially participated in litigation prior to demanding the case be heard in another forum." (citation omitted)).

[5] For the first time in its reply briefs, Herndon argues that its informal PACA complaint was merely a request for mediation. But the record establishes the opposite. While the USDA provides an avenue for parties to mediate PACA claims, parties must request mediation. See PACA Mediation Services, http://www.ams.usda.gov/sites/default/files/media/PACAMediation Services.pdf (last visited Sept. 30, 2016). Herndon's original brief states that the PACA complaint was an "attempt by Herndon to bring a reparations claim before the reparations forum of the USDA . . . ." (CV 616-035, Doc. 5 at 4.) And while the PACA complaint was pending, the parties participated in a separate mediation. Indeed, in a letter to San Miguel's counsel, dated February 16, 2016, Herndon's counsel stated: "With regard to the PACA informal complaint, my thought is to *allow that process to continue while we try to schedule an independent mediation.*" (CV 616-043, Doc. 15-1 at 18 (emphasis added).) Furthermore, the USDA informed Herndon that it was "unable to handle [its] claim based on [its] election of remedies" because of the mediation clause. (CV 616-043, Doc. 15-1 at 20.) Accordingly, nothing in the record indicates that Herndon ever intended to pursue mediation through the USDA.

7

was too short-lived to constitute a waiver and that San Miguel was not prejudiced by the filing because it did not substantially participate in the PACA action. The Court disagrees.

Herndon acted inconsistently with the forum-selection clause when, on its own accord, it chose to pursue its claims in an improper forum. See Licensed Practical Nurses, Technicians and Health Care Workers of N.Y., Inc. v. Ulysses Cruises, Inc., 131 F. Supp. 2d 393, 410 (S.D.N.Y. 2000) ("By bringing suit in New York in violation of the forum-selection clause, plaintiff undoubtedly has waived any right to insist on its enforcement."). Herndon may be correct that the prejudice San Miguel suffered was not great and that San Miguel did not "substantially participate" in the PACA action. But this is not a case where a plaintiff files suit in an improper court and the defendant briefly litigates in that forum before moving to dismiss or transfer based on a forum-selection clause. Rather, it was only after the USDA dismissed Herndon's complaint that Herndon decided to acknowledge the forum-selection clause.[6] Indeed, when San Miguel's counsel asked Herndon's counsel to

---

[6] Herndon appears to take the position that the fact that the USDA summarily dismissed the PACA complaint supports enforcing the forum-selection clause. That is, Herndon essentially argues that the USDA's interpretation of the forum-selection clause validates its enforceability. But the USDA's view is evidence that Herndon's action violated the clause: it dismissed the complaint because the clause prevented it from hearing the case. Its interpretation, therefore, supports a finding of waiver.

voluntarily dismiss the PACA complaint, he refused because he "need[ed] to have the track record for pursuing the claim through PACA."[7] (CV 616-035, Doc. 1-3 at 2.) It is clear that Herndon intended to litigate its claim to resolution in the wrong forum. Because Herndon waived its right to enforce the forum-selection clause, the Court **DENIES** its motions to dismiss in CV 616-035 and its motion to remand in CV 616-043.

### 2. Attorneys' Fees

In its briefs in both cases, Herndon requests attorneys' fees. In CV 616-035, Herndon claims it is entitled to attorneys' fees under the grower-shipper agreement and 28 U.S.C. § 1927. In CV 616-043, Herndon requests attorneys' fees because, it claims, San Miguel did not have an objectively reasonable basis for removing to this Court.

#### a. CV 616-035

Herndon claims that it is entitled to attorneys' fees under the grower-shipper agreement, which contains a clause that provides:

> If any party shall bring any action against the other party under this Agreement, the prevailing party in such action shall be entitled to judgment for reasonable attorneys' fees and costs to be fixed

---

[7] As San Miguel points out, Herndon's refusal to dismiss the PACA complaint may have been strategic. PACA claims must be filed with the USDA within nine months from the date the cause of action accrues. See Bemel, Inc. v. U.S. Produce Brokers, Inc., 53 Agric. Dec. 1859, 1859-60 (1994). And filing an informal complaint will toll the statute of limitations. Id. So Herndon's counsel's statement that he needed a "track record" of the PACA claim indicates that he was ensuring that he avoided a statute-of-limitations defense.

9

>     by the court, including without limitation, the cost
>     of collection of any judgment awarded by the court.

(CV 616-035, Doc. 1-1 at 12.) On this issue, San Miguel argues, and Herndon does not dispute, that Georgia law applies. Under Georgia law, to be considered a prevailing party, the party seeking fees must have obtained "actual relief on the merits of a claim." Floyd v. Logisticare, Inc., 566 S.E.2d 423, 425 (Ga. Ct. App. 2002). Because Herndon is not a prevailing party under the agreement, its request for attorneys' fees is **DENIED**.

Herndon also claims attorneys' fees are appropriate under 28 U.S.C. § 1927, which allows a court to award fees and expenses when an attorney "multiplies the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927. For an award under § 1927 to be proper, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation omitted) (internal quotation marks omitted). This standard is met "only when the attorney's conduct is so egregious that it is tantamount to bad faith," which "is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." Id. (citations omitted) (internal quotation marks omitted).

On this issue, Herndon argues that San Miguel disregarded the forum-selection clause and that it lied to the Court about Herndon's PACA claim. In its complaint, San Miguel incorrectly stated that Herndon's PACA claim was still pending at the time the complaint was filed. But San Miguel's counsel claims she was not notified that the PACA complaint had been dismissed before this case was filed, and a review of the notifications sent to Herndon's counsel shows that she was not copied on either letter. (See CV 616-035, Doc. 5-2 at 28; CV 616-043, Doc. 15-1 at 20.) Accordingly, there is no evidence that San Miguel's counsel made any intentional misrepresentation to the Court. Moreover, whether the PACA claim was still pending at the time San Miguel filed its complaint is not dispositive of whether Herndon waived its right to enforce the forum-selection clause. Because there is no evidence that San Miguel's counsel engaged in unreasonable or vexatious conduct, Herndon's request for attorneys' fees under § 1927 is **DENIED**.

### b. CV 616-043

Herndon requests attorneys' fees because, it claims, San Miguel's removal of this case to this Court was not objectively reasonable. See Bauknight v. Monroe Cty., 446 F.3d 1327, 1329 (11th Cir. 2006). Because San Miguel had an objectively reasonable basis for removing this case, the Court **DENIES** Herndon's request for attorneys' fees.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Herndon's motion to dismiss (CV 616-035, doc. 5), its supplemental motion to dismiss (CV 616-035, doc. 20), and its motion to remand (CV 616-043, doc. 4). The Court also declines to award attorneys' fees.

**ORDER ENTERED** at Augusta, Georgia this 27th day of October, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA